# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 1:24-cr-236 |
| | ) | |
| Plaintiff, | ) | Judge J. Philip Calabrese |
| | ) | |
| v. | ) | Magistrate Judge Reuben J. Sheperd |
| | ) | |
| CURTIS MCEWEN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## OPINION AND ORDER

Curtis McEwen requests (1) a hearing with respect to the writ of execution issued against his property, and (2) a transfer of the matter to the United States District Court for the Middle District of Pennsylvania.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2024, Mr. McEwen was charged by way of information. (ECF No. 1.) His sentence included an award of restitution in the amount of $7,498,083.01. (ECF No. 21.) On July 14, 2025, the United States filed applied for a writ of execution seeking to take possession of a boat that Defendant owns to satisfy part of the outstanding balance of the restitution owed. (ECF No. 29, ¶¶ 2–4, PageID #193–94.) The United States sought to have the Court authorize the U.S. Marshals Service "to take all necessary reasonable steps, and expend any reasonably necessary funds, to take possess of, maintain, and prepare to sell the boat." (*Id.*, ¶ 9, PageID #194.) On July 17, 2025, the Clerk sent notice to Mr. McEwen explaining that the United States was seizing the boat to be applied toward the judgment against him. (ECF No. 32.)

The notice informed Mr. McEwen now to request a hearing and the deadline for doing so.

On August 11, 2025, Mr. McEwen requested a hearing regarding the seizure of the boat. (ECF No. 35.) He argued that the boat falls within a statutory exemption of 18 U.S.C. § 3613(a)(1). Specifically, he claimed that the boat fell within he exemption for "fuel, provisions, furniture, and personal effects" and "does not exceed $11,710 in value." (*Id.*, PageID #241.) Also, Mr. McEwen requested transfer of the matter to the Middle District of Pennsylvania because of his imprisonment in Lewisburg in that District. (ECF No. 35-1, PageID #243.)

## ANALYSIS

Mr. McEwen requests a hearing as to the forfeiture of his property and transfer of this matter to the Middle District of Pennsylvania, the District where he is currently imprisoned. The Court addresses both requests in turn.

I. Transfer

Under 28 U.S.C. § 3004(b)(2), a debtor may request a transfer to the district court for the district in which he resides. Under this statute, domicile determines residence. That is, the debtor must both be present in a State *and* have the "intention to make his home there indefinitely or the absence or an intention to make his home elsewhere." *Prime Rate Premium Fin. Cor. v. Larson*, 930 F.3d 759, 765 (6th Cir. 2019) (quoting *Stifel v. Hopkins*, 477 F.2d 116, 1120 (6th Cir. 1973)). It is "black-letter law that a person cannot acquire a domicile of choice in a place if he is there by virtue of physical or legal compulsions." *Stifel*, 477 F.2d at 1121. As a result, courts have long recognized that incarceration does not alter a person's domicile. *Id.*; *see*

*also Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991); *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996) (stating that since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile).

In cases involving prisoners, it is presumed that the prisoner remains a citizen of the State where he was domiciled before his incarceration, even if he is subsequently incarcerated in a different state. *Stifel*, 477 F.2d at 1121; *see Hall v. Curran*, 599 F.3d 70. 72 (1st Cir. 2010); *Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021). But this presumption is rebuttable. *See Spencer v. Stork*, 513 F. App'x 557, 558 (6th Cir. 2013) (citing *Stifel*, 477 F.2d at 1124). Therefore, inmates may show that they have developed the intention to be domiciled at the place to which he has been forced to remove. *Stifel*, 477 F.2d at 1124.

But Mr. McEwen has made no such showing here. Nothing in the record suggests that he intends to remain in Pennsylvania following his release or that he has established ties to the State. By contrast, he has longstanding ties to the Northern District of Ohio, where his permanent address is located and where he resided before his incarceration. As Mr. McEwen recognizes, he is only in Pennsylvania because the Bureau of Prisons chose to house him at FCI Lewisburg. It was not his choice to relocate there, and he has not demonstrated he intends to stay there following his release. Therefore, Mr. McEwen has failed to rebut the presumption that he remains domiciled in the Northern District of Ohio. Accordingly, the Court **DENIES** Mr. McEwen's request to transfer.

## II. Request for a Hearing

Under 28 U.S.C. § 3202(d), a court shall hold a hearing on the motion of a judgment debtor seeking to quash an order granting an enforcement remedy. Under the statute, a judgment debtor may only contest certain issues, including (1) the validity of a claimed exemption, or (2) compliance with statutory procedures in issuing the remedy.

The United States may seek to collect a debt under the Federal Debt Collection Procedures Act, which authorizes it to levy on property that a judgment debtor, like Mr. McEwen, owns. 28 U.S.C. § 3203(a); *see, e.g.*, *United States v. Coluccio*, 19 F.3d 1115, 1116 (6th Cir. 1994). "All property in which the judgment debtor has a substantial nonexempt interest shall be subject to levy pursuant to a writ of execution." 28 U.S.C. § 3203(a). Here, the United States filed a writ of execution to seize Mr. McEwen's boat in partial satisfaction of the judgment against him. Initially, Mr. McEwen did not disclose his interest in the boat, but eventually did so in correspondence with the government. Despite this interest, he argues that he is entitled to a hearing on the forfeiture because the boat is exempt from enforcement under 18 U.S.C. § 3613.

Only the categories of property specified in 18 U.S.C. § 3613(a)(1), which incorporates limited exemptions from the Internal Revenue Code, 26 U.S.C. § 6334(a)(1)–(8), (10), and (12), are exempt. 18 U.S.C. § 3613(a). Courts consistently enforce the exclusivity of these statutory exemptions. *United States v. Rand*, 924 F.3d 140, 144 (5th Cir. 2019) (noting that Congress elected to incorporate only some of the categories of property exempt from tax levies); *see also United States v.*

4

*Swenson*, 971 F.3d 977, 983 (9th Cir. 2020). Moreover, the Internal Revenue Code specifically addresses exempt property and provides: "Notwithstanding any other law of the United States, no property or rights to property shall be exempt from levy other than the property specifically made exempt" under subsection (a). *Herndon v. United States*, 501 F.2d 1219, 1221 (8th Cir. 1974) (quoting 26 U.S.C. § 6334(c)).

Mr. McEwen argues that his boat is exempt as "fuel, provisions, furniture, or personal effects." But a boat plainly does not fall within this exemption. A boat cannot be categorized as any of the specific exemptions listed in the statute. It is not fuel, provisions, or furniture. Nor is it a personal effect—property of particular significance usually carried or worn. Because Mr. McEwen has failed to identify a statutory exemption that covers his boat, and he has not alleged any defect in compliance with statutory procedure, he has not grounds for relief. Because he cannot prevail on his claim as a matter of law, there is no reason to have a hearing. Therefore, the Court **DENIES** Mr. McEwen's request for a hearing.

## CONCLUSION

For these reasons, the Court **DENIES** Mr. McEwen's request to transfer this case to the Middle District of Pennsylvania and **DENIES** his request for a hearing. (ECF No. 35).

**SO ORDERED.**

5

Dated: October 7, 2025

              J. Philip Calabrese
              United States District Judge
              Northern District of Ohio